UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ALAN J. CHRISTIAN, | ) | CASE NO.: 4:08CV1953 |
| Petitioner, | )<br>) | JUDGE CHRISTOPHER A. BOYKO |
| v. | )<br>) | Magistrate Judge George J. Limbert |
| JESSE WILLIAMS, Warden, | )<br>) | **REPORT AND RECOMMENDATION**<br>**OF MAGISTRATE JUDGE** |
| Respondent. | ) | **AND ORDER [RE: Dkt. #15]** |

Pursuant to 28 U.S.C. § 2254, Petitioner Alan Christian, a prisoner in custody at the Oakwood Correctional Facility, is challenging his Mahoning County, Ohio Court of Common Pleas convictions for felonious assault with a firearm specification. ECF Dkt. #1. On November 6, 2008, the case was referred to the undersigned for a report and recommendation. For the following reasons, the undersigned recommends that the Court DISMISS the instant petition with prejudice:

## I. SYNOPSIS OF THE FACTS

The Ohio Seventh District Court of Appeals set forth the facts of this case on direct appeal. These binding factual findings "shall be presumed to be correct," and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 119 S.Ct. 2403 (1999). As set forth by the Seventh District Court of Appeals, the facts are:

> On January 18, 2002, Appellant and his live-in girlfriend, Debbie Hudson, had an argument at approximately 3:00 a.m. Their fight apparently began when Hudson told Appellant not to drive to Painesville after he had been drinking. Hudson pushed Appellant away from the door during their argument, and he pushed her back in an attempt to leave. Appellant then left home in Hudson's truck that was regularly available for his use. (Tr. Vol. 1, p. 102, 164-166.)
>
> Hudson contacted the Sebring Police Department, and Officer Daniel Guy responded. Hudson advised Guy that Appellant took her truck and that she did not want him to drive to Painesville. Hudson advised Guy that Appellant might be at his friend's house, Dale Yaggi. The house was only a short distance away. (Tr. Vol. 1, pp. 165-167.)

> Hudson signed a domestic violence complaint against Appellant. The record reflects conflicting trial testimony as to whether her signature was obtained under the guise that she was signing a form to get her truck back. (Tr. Vol. 1, pp. 166-167.)
>
> Officer Guy radioed Officer Michael Porter about Appellant's potential location. Officer Porter identified Hudson's truck at Mr. Yaggi's house. Officer Porter approached the house and knocked on the door to inquire whether Appellant was inside.
>
> After Officer Porter entered the house, Appellant and Officer Porter had a physical altercation. Officer Porter testified that Appellant had a gun and was trying to point it toward Officer Porter's head. Officer Guy's testimony supports this version. Appellant's three friends, however, testified that Appellant never had possession of a gun that night. Appellant's felonious assault conviction stems from this incident.

ECF Dkt. #14, Ex. 7 at 1-2.

## II. PROCEDURAL HISTORY

### A. State Trial Court

On February 21, 2002, the prosecuting attorney for Mahoning County, Ohio filed an indictment alleging one count of felonious assault in violation of Ohio Revised Code ("O.R.C.") 2903.11(A)(2)(D), with a firearm specification pursuant to O.R.C. § 2941.145(A). ECF Dkt. #14, Ex. 1.

On April 22, 2002, the case against Petitioner proceeded to a jury trial. *See* ECF Dkt. #14, Ex. 2. The jury found Petitioner guilty of felonious assault and the firearm specification. *Id*. On August 28, 2002, the trial court sentenced Petitioner to 5 years of imprisonment for felonious assault, with a consecutive 3 year term of imprisonment for the firearm specification. ECF Dkt. #14, Ex. 3.

### B. Direct Appeal

On January 12, 2004, Petitioner filed an appellate brief setting forth the following assignments of error in the Ohio Court of Appeals for the Seventh District:

1. Appellant Was Denied the Effective Assistance When Counsel Failed to File a Pretrial Motion to Suppress Evidence and to Renew the Motion for Judgment of Acquittal at the Close of All Evidence. U.S. Const. amend. VI and XIV and Ohio Const. art. I, §§1, 2, 10, and 16.

2. Appellant Was Denied Due Process and the Liberties Secured by Ohio Const. art. I, §§1, 2, 10 and 16 Because his Conviction for Felonious Assault is Against the Manifest Weight of the Evidence.

3. Appellant Was Denied Due Process and Liberties Secured by Ohio Const. art. I, §§1, 2, 10 and 16 When He Was Convicted of the Offense of Felonious Assault and There Was Insufficient Evidence to Support the Conviction.

4. The Trial Court Abused its Discretion in Imposing More than the Minimum Sentence Without Making Factual Findings to Support the Sentence. U.S. Const., amend. VIII and XIV; Ohio Const., art. I, §§1, 2, 9, and 16.

ECF Dkt. #14, Ex. 4.

On March 21, 2006, the Ohio Court of Appeals affirmed Petitioner's conviction. ECF Dkt. #14, Ex. 7.

### C. Motion for Judicial Release

On September 9, 2005, Petitioner filed a motion for judicial release in the Mahoning County Court of Common Pleas. ECF Dkt. #14, Ex. 8. Petitioner contended that:

1. The record of this Court demonstrates that the police officer testified in fact that a weapon was never pointed at him by the Defendant, and that a weapon was never drew down on him by the Defendant, nor sustained any bodily injuries. Thank God!

2. The Defendant has never been convicted of any other offense of violence.

3. The offense was the result of circumstances which are unlikely to reoccur, and for which the Defendant is genuinely remorseful.

ECF Dkt. #14, Ex.8 at 1-2.[1]

On September 19, 2005, the court overruled Petitioner's motion. ECF Dkt. #14, Ex. 9.

### D. Petition to Vacate or Set Aside Judgment of Conviction and Sentence

On December 2, 2005, Petitioner filed a petition to vacate or set aside judgment of conviction and sentence. ECF Dkt. #14, Ex. 10. Petitioner raised the following claims:

1. Petitioner's constitutional rights were denied and/or infringed without due process of law when the state or its agents had first encroched and/or blatantly violated the Doctrine of the Separation of Powers subsequent to Petitioner's said alleged domestic violence arrest by having a PRIVATE third (3rd) party enity [sic] and/or a notary public impeach oath and/or forge signature to impersonate a superior law enforcement officer in perpetrating an affidavit, to the prejudice and detriment of Petitioner's rights despite said private third

---

[1] Petitioner raised three other claims that did not relate to his trial; they addressed personal circumstances, which he contended merited release. The undersigned has not repeated those grounds here because they do not relate to alleged constitutional violations.

-3-

      party enity [sic] deceiving the integrity and independence in judicial powers which caused a TOTAL WANT of jurisdiction that can never be waived or omitted.

  2. Petitioner's constitutional rights were denied and/or infringed without due process of law when the state or its agents had misled Judge Joseph Houser, who is assigned at the Mahoning County, Ohio Area #2 Court, with an information so lacking in indicia of probable cause and false or that the affiant knew was false except for his reckless disregard for the truth, to the prejudice and detriment of Petitioner's rights despite said affiant deceiving the integrity and independence in judicial powers which took place at the Mahoning County, Ohio Area #5 Court on Sunday, January 20, 2002, outside the venue or territorial jurisdiction of the Mahoning County, Ohio Area #3 Court.

ECF Dkt. #14, Ex. 10.

On February 1, 2006, the court denied Petitioner's petition. ECF Dkt. #14, Ex. 13. On December 4, 2006, Petitioner filed an appeal from this decision in the Seventh District Court of Appeals and raised the following assignments of error:

  1. The trial court erred as a matter of law in overruling Appellant's petition for post-conviction relief as untimely filed on remand, when it failed to obtain evidence dehors the record to verify that its jurisdiction over the subject matter of action had failed to attach at first instance as a want and the right to object to jurisdictional issues cannot be waived.

  2. The trial court erred and denied Appellant of the right to confront and cross-examine witnesses when it overruled his petition for post-conviction relief as untimely on remand, without holding an evidentiary hearing to preclude evidence dehors the record in support of the claims for relief.

  3. The trial court denied appellant due process of law under the Fourteenth Amendment of the United States Constitution and Art. 1, §10 of the Ohio Constitution in assuming jurisdiction over the alleged felonious assault with fire arm complaint/affidavit on a bindover, which appears the government had a third party perpetrate a fraudulent signature as oath in violation of Criminal Rule 3.

  4. The trial court committed plain constitutional error and abused its discretion when it issued a journal entry known to be false to have its record appear that Appellant's attached counsel represented its hearing on indictment without obtaining a signed waiver of indictment or signed waiver of attached counsel from the person of Appellant, prior to it assigning the case for trial in violation of R.C. §2941.021; Art. 1, §10 of the Ohio Constitution and Criminal Rule 44.

  5. The trial court erred and denied Appellant due process of law when it overruled his petition for post-conviction relief as untimely filed on remand, without compelling the government to comply with the discovery request to preclude evidence dehors the record in support of the claims for relief.

ECF Dkt. #14, Ex. 14. On June 20, 2007, the appellate court affirmed the trial court's judgment. ECF Dkt. #14, Ex. 16.

### E. State Court Petitions for Writ of Habeas Corpus

On April 17, 2007, Petitioner filed a petition for a writ of habeas corpus in the Supreme Court of Ohio. ECF Dkt. #14, Ex. 17. On June 6, 2007, the court dismissed his petition sua sponte. ECF Dkt. #14, Ex. 18.

On July 23, 2007, Petitioner filed another petition for writ of habeas corpus in the Eleventh District Court of Appeals raising the following claims:

1. The trial court deprived the Petitioner of his life and liberty without due process of law behind an enforcement prohibited by the United States Constitution under Amendment XIV.

2. The trial court's judgment and order of commitment is either on of being void ab initio, or without force, effect, entire nullity and void because its authority or jurisdiction did not attach or confer upon it in the first instance, as distinguished from the want of jurisdiction at the first instance.

3. The trial court's judgment and order of commitment is void for lack of jurisdiction because it failed to obtain an endorsed waiver from the person of the Petitioner under R.C. §2941.021 without reading or advising the nature of the alleged charges prior to the assignment and commencement of its trial.

4. The trial court's process, decree and order of commitment is without force, effect, entire nullity and void because its right to proceed, and jurisdiction over both the person of the Petitioner and subject matter of the action was induced, derived and begotten in a manner through fraud perpetrated upon the underlying courts judicial machinery under the effect of R.C. §2921.52(4) et seq., at first instant.

ECF Dkt. #14, Ex. 19. On August 21, 2007, the State filed a motion to dismiss. ECF Dkt. #14, Ex. 20. On November 13, 2007, the Court granted a change of venue because Petitioner had been transferred to Oakwood Correctional Facility in Allen County, Ohio. ECF Dkt. #14, Ex. 21. On November 13, 2007, the Third District Court of Appeals dismissed Petitioner's petition and affirmed his conviction. ECF Dkt. #14, Ex. 22.

On March 10, 2008, Petitioner appealed the Third District Appellate Court's decision to the Supreme Court of Ohio and raised the following propositions of law:

1. The Court of Appeals erred in misconstruing and departing from the merits of claims warranting habeas corpus relief when it suspended Appellant's habeas corpus action in violation of Art.1, Section 8 of the Ohio Constitution, without having any converse evidence to support its judgment. Does Art. 1, Section 8 of the Ohio Constitution bestow courts the authority to suspend the writ of habeas corpus without having any converse evidence to support its judgment?

2. The Court of Appeals erred in dismissing Appellant's habeas corpus action under the doctrine of res judicata analysis when Civil Rule 12(B)(6) provides no defense for res judicata to be raised or sustained under a motion to dismiss pleading on prior judgments that do not reach an adjudication on the merits to claims. Does Civil Rule 12(B)(6) provide a defense for res judicata to be raised or sustained under a motion to dismiss pleading on prior judgments that do not reach an adjudication on the merits to claims when the deprivation of life or unlawful restraint of liberty are at stake?

3. The Court of Appeals erred in dismissing Appellant's habeas corpus action under the alleged failure to state a claim analysis when Appellee failed to meet his burden of proof in submitting evidence to refute the habeas corpus claims otherwise. Does the private authority clause under R.C. §2725.20 impose a mandatory duty upon Appellee to submit evidence for the courts to have the truth finding process to adjudicate whether claims cannot be proven otherwise?

ECF Dkt. #14, Ex. 23. On May 14, 2008, the Supreme Court of Ohio affirmed the Third District Appellate Court's dismissal of the habeas petition. ECF Dkt. #14, Ex. 25.

On July 16, 2008, Petitioner filed a petition for a writ of certiorari in the United States Supreme Court, raising the following questions:

1. WHETHER IMPRISONMENT RESULTING THEREFROM CRIMINAL PROCEEDINGS INDUCED THROUGH THE POLICE CHIEF'S SIGNATURE BEING FALSIFIED TO APEAR [sic] AS SWORN OATH IN CHARGING CRIMES IS CONSTITUTIONAL?

2. WHETHER RES JUDICATA HAS A PLACE TO DENY REDRESS OF THE DEPRIVATION TO LIFE AND LIBERTY BEING AT STAKE IN HABEAS CORPUS?

3. WHETHER THE CONDUCT OF THE GOVERNMENT IS SO OUTRAGEOUS THAT IT SHOULD BAR IT FROM INVOKING THE JUDICIARY TO OBTAIN A COURT CONVICTION?

ECF Dkt. #14, Ex. 26. On October 6, 2008, the Court denied the petition. ECF Dkt. #14, Ex. 27.

**F.     Federal Habeas Corpus Petition**

On August 13, 2008, Petitioner filed the instant petition. ECF Dkt. #1; *see Towns v. U.S.*, 190 F.3d 468, 469 (6th Cir. 1999) citing *Houston v. Lack*, 487 U.S. 266, 270-74 (1988) (a *pro se* prisoner's petition is considered to be filed on the day he delivers it to prison authorities). Petitioner raised the following grounds for relief:

GROUND ONE:   Petitioner was an innocent and abducted by police from the inside of a private third party residence on January 18, 2002 around 3:30am, without any court issued warrants or court finding of probable cause to make a lawful seizure in violation

|   |   |
|---|---|
|   | of the Fourth Amendment to the United States Constitution and contrary to 18 U.S.C. §241 & 242. |
| Supporting Facts: | Sebring, Ohio police, Officer Dan Guy, did with means to deceive an official function recklessly forge the name of another multiple times to fabricate a complainant on a misdemeanor domestic complaint form execution under 537.14 to create a violation of crime for the purpose to deliberately incriminate the actual innocence of petitioner, and thereafter made material statements claiming he (Officer Guy) witnessed the alleged complainant fill-out such domestic complaint form in his presence so to in fact conceal his deliberate falsification of material evidence in misleading the integrity and independence of the courts judiciary machinery. |
| GROUND TWO: | Petitioner was subsequently denied the right to life and liberty in being further held incarcerated in violation of the Fourth and Fourteenth Amendment of the United States Constitution. |
| Supporting Facts: | Sebring, Ohio police, Officer Michael Yoder, did with means to deceive an official function recklessly withhold the deliberate falsehood of his subordinate police officer fabricating the 537.14 domestic complaint form execution from a magistrate or judge in a warrantless arrest affidavit for probable cause determination lacking of indicia but for the affiant's (Officer Yoder) reckless disregard for the truth cited other bare bone statutes in alleging violation to appear as the original cause for a warrantless arrest misleading the judge or magistrate on Sunday, January 20, 2002 behind court closed doors through a tele-fax machine at the Mahoning County Area Court #5, outside the territorial jurisdiction and venue of the Mahoning County Area Court #3, while the magistrate or judge that was at said No. 5court on Sunday, January 20, 2002 was actually assigned to the Mahoning County Area Court #2. |
| GROUND THREE: | Petitioner was subjected to an unconstitutionally impaneled grand jury from a bind over for an enforcement of state laws initiated without due process behind the artifice effect of the state government engaging to exploit its own outrageous and illegal conduct in violation of the Fourteenth Amendment to the United States Constitution. |
| Supporting Facts: | Sebring, Ohio police, Officer Michael Yoder, did with means to deceive an official function recklessly have an ordinary private third party citizen named Patricia E. Gardner, whom was also only empowered to perform notary duties in which notarized Yoder's said warrantless arrest affidavit for probable cause determination, either falsify or fabricate a signature in the official police identity as Chief Ray Heverly on the state's formal and original complaint under 02-CRA-38 so that the state's original complaint would appear duly executed and sworn to against the petitioner by the official hand of Chief Heverly in the presence of the clerk of court, Jennifer Barnett, for the Mahoning County Area Court #3, and thereafter the proceedings Officer Yoder laterally forwarded such complaint |

|                   | over to the Mahoning County prosecutor, Paul J. Gaines, to subsequently impanel a grand jury against the integrity and independence of the courts judicial machinery in deceiving the trial court to assume jurisdiction over the subject matter of the action and person of the petitioner. |
|---|---|
| GROUND FOUR: | Petitioner was denied the assistance of counsel without being advised of the nature of any alleged charges or constitutional rights at arraignment on the alleged return of an indictment in violation of the Sixth Amendment to the United States Constitution. |
| Supporting Facts: | Counsel was assigned appointed to the petitioner and entered a not guilty plea at the preliminary hearing in the Mahoning County Area Court #3 prior to the grand jury being impaneled, but at the arraignment hearing on the alleged return of indictment the magistrate never advised the nature of any alleged charges or constitutional rights to the petitioner and assigned the case to the trial courtroom after an unknown prosecutor not only entered a not guilty plea for the petitioner being conveyed from the local jail for such proceeding but also advised the magistrate that counsel appointed to represent the petitioner was not present in the open court proceedings. |
| GROUND FIVE: | Petitioner has been denied an adequate remedy of appeal for redress of the deprivation of his life, liberty and unlawful restraint as the result of the action and inaction caused behind the state courts being deceived by the governments' own exploitation of its illegal conduct, rendering state remedies ineffective. |
| Supporting Facts: | The Mahoning County common pleas court has not made any attempt to compel the state, prosecution or municipality to answer, appear, or submit sworn to evidence to meet its burden of proof to refute the pleadings pending before it, nor held an evidentiary hearing to verify the operative facts warranting relief, or has refrained from issuing judgments on the pleadings before it to prevent a record from being established in aid of the government to conceal disclosure of its wrong-doings when the police officer complained of sustained no physical injuries whatsoever, as petitioner's innocence is true. |

ECF Dkt. #1. On March 10, 2009, Respondent filed an Answer. ECF Dkt. #14. On April 30, 2009, Petitioner filed a traverse. ECF Dkt. #18.

## III. PROCEDURAL BARRIERS TO REVIEW

A petitioner must overcome several procedural barriers before a court will review the merits of a petition for a writ of federal habeas corpus. As Justice O'Connor noted in *Daniels v. United States*, "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional

claim." 532 U.S. 374, 381 (2001); *see also United States v. Olano*, 507 U.S. 725, 731 (1993).

### A. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") statute of limitations period for filing a petition for a writ of federal habeas corpus is one year, and it begins to run on the date judgement became final. 28 U.S.C. § 2244(d)(1). The AEDPA statute of limitations is not an issue in this case. *See* ECF Dkt. ## 1, 14, 18. Respondent contends, however, that Petitioner's claims are barred as a result of procedural default. ECF Dkt. #14.

### B. Exhaustion of State Remedies

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004). The exhaustion requirement is satisfied "once the federal claim has been fairly presented to the state courts." *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987). To exhaust a claim, a petitioner must present it "to the state courts under the same theory in which it is later presented in federal court." *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *see also McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). General allegations of the denial of rights to a "fair trial" and "due process" do not "fairly present" claims that specific constitutional rights were violated. *McMeans*, 228 F.3d at 681 citing *Petrucelli v. Coombe*, 735 F.2d 684, 688-89 (2d Cir. 1984).

In order to have fairly presented the substance of each of his federal constitutional claims to the state courts, the petitioner must have given the highest court in the state in which he was convicted a full and fair opportunity to rule on his claims. *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). A petitioner fairly presents the substance of his federal constitutional claim to the state courts by: (1) relying upon federal cases that use a constitutional analysis; (2) relying upon state cases using a federal constitutional analysis; (3) phrasing his claim in terms of constitutional law or in terms sufficiently particular to allege the denial of a specific constitutional right; or (4) alleging facts that are obviously within the mainstream of constitutional law. *Clinkscale v. Carter*, 375 F.3d 430, 437 (6th Cir. 2004), quoting *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003); *see also Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir.) cert. denied, 509 U.S. 907 (1993)(quotation

omitted).

Unless an exception applies, the Court must dismiss a petition for lack of exhaustion if it contains at least one issue that was not presented to the state courts so long as a remedy is still available for the petitioner to pursue in the state courts. *Rose v. Lundy*, 455 U.S. 509, 518-20 (1982). The Supreme Court has held that "the petitioner has the burden . . . of showing that other available remedies have been exhausted or that circumstances of peculiar urgency exist." *Darr v. Burford*, 339 U.S. 200, 218-19 (1950), *overruled in part on other grounds*, *Fay v. Noia*, 372 U.S. 391 (1963). A petitioner will not be allowed to present claims never before presented in the state courts unless he can show cause to excuse his failure to present the claims in the state courts and actual prejudice to his defense at trial or on appeal, or that he is actually innocent of the crime for which he was convicted. *Coleman v. Thompson*, 501 U.S. 722, 748 (1991).

### C. Procedural Default

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address when a petitioner does not comply with a state procedural requirement. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). In these cases, "the state judgment rests on independent and adequate state procedural grounds." *Coleman,* 501 U.S. at 730. For purposes of procedural default, the state ruling with which the federal court is concerned is the "last explained state court judgment." *Munson v. Kapture*, 384 F.3d 310, 314 (6th Cir. 2004) citing *Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991) (emphasis removed). When the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition. *McBee v. Abramajtys*, 929 F.2d 264, 265 (6th Cir. 1991). In determining whether a state court has addressed the merits of a petitioner's claim, federal courts must rely upon the presumption that there is no independent and adequate state grounds for a state court decision absent a clear statement to the contrary. *Coleman*, 501 U.S. at 735.

Applying this presumption, the Sixth Circuit Court of Appeals established a four-pronged analysis to determine whether a claim has been procedurally defaulted. *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986). Under the *Maupin* test, a reviewing court must decide:

> (1) whether the petitioner failed to comply with an applicable state procedural rule;
>
> (2) whether the state courts actually enforced the state procedural sanction;
>
> (3) whether the state procedural bar is an "adequate and independent" state ground on which the state can foreclose federal review; and
>
> (4) if the above are met, whether the petitioner has demonstrated "cause" and "prejudice."

*Id.* at 138.

Under the first prong of *Maupin*, there must be a firmly established state procedural rule applicable to the petitioner's claim and the petitioner must not have complied with the rule. *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991) (state procedural bar that is not "firmly established and regularly followed" cannot serve to bar federal judicial review); *Franklin v. Anderson*, 434 F.3d 412, 418 (6th Cir. 2006). The question of whether a state procedural rule was "firmly established and regularly followed" is determined as of the time at which it was to be applied. *Richey v. Mitchell*, 395 F.3d 660, 680 (6th Cir. 2005).

Under the second prong, the last state court to which the petitioner sought review must have invoked the procedural rule as a basis for its decision to reject review of the prisoner's federal claims. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991) (appeal dismissed for lack of jurisdiction); *Richey*, 395 F.3d at 678 ("a lapsed claim survives if the state court overlooked the default and decided the claim anyway"); *Baze v. Parker*, 371 F.3d 310, 320 (6th Cir. 2004) (if a state court does not expressly rely on a procedural deficiency, then a federal court may conduct habeas review); *Gall v. Parker*, 231 F.3d 265, 310 (6th Cir. 2000) (even if issue is not raised below, where state supreme court clearly addresses the claim, no procedural bar arises); *Boyle v. Million*, 201 F.3d 711, 716-17 (6th Cir. 2000) (where a state appellate court characterizes its earlier decision as substantive, the earlier decision did not rely on a procedural bar; therefore, the cause and prejudice test does not apply).

Under the third prong, a state judgment invoking the procedural bar must rest on a state law ground that is both independent of the merits of the federal claim and is an adequate basis for the state court's decision. *Munson v. Kapture*, 384 F.3d 310, 313-14 (6th Cir. 2004). A state's *res*

*judicata* rule barring post-conviction claims which could have been raised on appeal is an adequate and independent ground for *Maupin* purposes. *White v. Mitchell*, 431 F.3d 517, 527 (6th Cir. 2005); *Mason v. Mitchell*, 320 F.3d 604, 628 (6th Cir. 2003).

Under the fourth prong, a claim that is procedurally defaulted in state court will not be reviewable in federal habeas corpus unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 751. "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation. *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984), *cert. denied*, 490 U.S. 1068 (1985). If a petitioner fails to show cause for his procedural default, the reviewing court need not address the issue of prejudice. *Smith v. Murray*, 477 U.S. 527 (1986).

Simply stated, a federal court may review federal claims:

> that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas review.

*Bonnell v. Mitchel,* 301 F.Supp.2d 698, 722 (N.D. Ohio 2004). The above standards apply to the Court's review of Petitioner's claims.

## IV. STANDARD OF REVIEW

If Petitioner's claims overcome the procedural barriers of time limitation, exhaustion and procedural default, AEDPA governs this Court's review of the instant case because Petitioner filed his petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 on December 4, 2006, well after the act's effective date of April 26, 1996. *Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir. 1997), *cert. denied*, 522 U.S. 1112 (1998). Under Section 2254, a state prisoner is entitled to relief if he is held in custody in violation of the United States Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(d).

The AEDPA sets forth the standard of review for the merits of a petition for the writ of habeas corpus. The AEDPA provides:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --

    (1) resulted in a decision that was *contrary to*, or involved an *unreasonable application of*, clearly established Federal law, as determined by the Supreme Court of the United States; or

    (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (emphasis added). In *Williams v. Taylor*, the Supreme Court clarified the language of 28 U.S.C. § 2254(d) and stated:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). Furthermore, the Supreme Court declared that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* Elaborating on the term "objectively unreasonable," the Court stated that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.*; *see also Bailey v. Mitchell,* 271 F.3d 652, 655-56 (6th Cir. 2001).

The Sixth Circuit Court of Appeals offers the following guidelines for applying the AEDPA limitations:

    A. Decisions of lower federal courts may not be considered.

    B. Only the holdings of the Supreme Court, rather than its dicta, may be considered.

    C. The state court decision may be overturned only if:

        1. It '[applies] a rule that contradicts the governing law set forth in

-13-

     [Supreme Court of the United States] cases,' [the Supreme Court precedent must exist at the time of petitioner's direct appeal] or;

  2. the state-court decision 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent;' or

  3. 'the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case;' or

  4. the state court 'either unreasonably extends a legal principle from [a Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'

 D. Throughout this analysis the federal court may not merely apply its own views of what the law should be. Rather, to be overturned, a state court's application of Supreme Court of the United States precedent must also be objectively unreasonable. That is to say, that 'a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.' 'An unreasonable application of federal law is different from an incorrect or erroneous application of federal law.'

 E. Findings of fact of the state courts are presumed to be correct. 'The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.'

*Bailey v. Mitchell,* 271 F.3d 652, 655-56 (6th Cir. 2001) (internal citations omitted).

Finally, a reviewing federal court is bound by the presumption of correctness, under which the federal court is obligated to "accept a state court's interpretation of the state's statutes and rules of practice." *Hutchinson v. Marshall*, 744 F.2d 44, 46 (6th Cir. 1984), *cert. denied*, 469 U.S. 1221 (1985); *see also Duffel v. Duttion*, 785 F.2d 131, 133 (6th Cir. 1986). The presumption of correctness is set forth in 28 U.S.C. § 2254(e), which provides:

> (e)(1)In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.

28 U.S.C. § 2254(e). The presumption of correctness applies to basic primary facts, and not to mixed

questions of law and fact. *Levine v. Torvik*, 986 F.2d 1506, 1514 (6th Cir. 1993), *cert. denied,* 509 U.S. 907 (1993). The presumption also applies to "implicit findings of fact, logically deduced because of the trial court's ability to adjudge the witnesses' demeanor and credibility." *McQueen v. Scroggy*, 99 F.3d 1302, 1310 (6th Cir. 1996), *cert. denied*, 520 U.S. 1257 (1997). Furthermore, a reviewing federal court is not free to ignore the pronouncement of a state appellate court on matters of law. *See Central States, Southeast & Southwest Areas Pension Fund v. Howell*, 227 F.3d 672, 676, n.4 (6th Cir. 2000). Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## V.  ANALYSIS

Based upon the applicable standards of review, the undersigned recommends that the Court dismiss the instant petition, with prejudice as procedurally barred:

Respondent contends that Petitioner failed to raise any of the instant grounds for review on direct appeal and are, therefore, procedurally defaulted. ECF Dkt. #14 at 14. The undersigned agrees with Respondent's assertion because Petitioner's appeal relied upon arguments that are clearly distinct from those raised here. *Compare* ECF Dkt. #1 *with* ECF Dkt. #14, Ex. 4. Petitioner's direct appeal asserted: that he received ineffective assistance of counsel stemming from an alleged failure to challenge an improper search and seizure; that his conviction was against the manifest weight of the evidence, based upon alleged lack of credibility of Sebring Police Officers; that insufficient evidence supported his conviction because Officer Porter's testimony failed to establish that an assault occurred; and that the trial court imposed more than the minimum sentence without making factual findings to support that sentence. ECF Dkt. #14 at 4. In Ground One, Petitioner alleges that police improperly arrested him, but he does not allege ineffective assistance of counsel for failing to raise that issue at trial. ECF Dkt. #1. Thus, the constitutional basis of Ground One is now the Fourth Amendment rather than the Sixth Amendment which constituted the basis of his direct appeal. Further, Petitioner now claims that police misled courts through a telefax and falsified or fabricated a criminal complaint (Ground Two and Three). ECF Dkt. #1. These claims were simply not a part of his direct appeal. In Ground Four, Petitioner claims that he was denied assistance of counsel at

his arraignment. *Id.* This claim was not included in his direct appeal, and Petitioner has made absolutely no claim or showing of any prejudice resulting from denial of counsel at his arraignment. *See Strickland v. Washington*, 466 U.S. 668 (1984) (In order to prevail on a claim of ineffective assistance of trial counsel, Petitioner bears the burden of showing that counsel's performance fell below an objective standard of reasonableness and counsel's ineffectiveness prejudiced his defense so as to deprive him of his right to a fair trial.) Lastly, in Ground Five, Petitioner contends that he was "denied an adequate remedy of appeal." Petitioner challenges the Mahoning County Court of Common Pleas' failure to compel certain actions by the State in responding to motions and discovery requests. *Id.* Petitioner, however, has not demonstrated that he has raised this claim before the Ohio Court of Appeals and the Supreme Court of Ohio. Accordingly, all five of Petitioner's claims are being presented here for the first time.

Respondent's argument is quite cursory, and does not explain why the instant petition should be dismissed as a matter of procedural default rather than for failure to exhaust available state court remedies. *See* ECF Dkt. #14 at 14-15. Regardless, dismissal for failure to exhaust state court remedies is inappropriate because "a habeas court should excuse exhaustion where further action in state court would be an exercise in futility." *Turner v. Bagley*, 401 F.3d 718, 724 (6th Cir. 2005). Here, remanding Petitioner's claims would be an exercise in futility because they would be barred under Ohio's res judicata rule. *See Coleman v. Mitchell*, 268 F.3d 417, 427, (6th Cir. 2001); *State v. Perry*, 226 N.E.2d 104, 108 (Ohio 1967).[2] Accordingly, the Court should determine whether procedural default applies.

Under the first prong of *Maupin*, the Court should consider whether Petitioner has failed to

---

[2] "Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment."

comply with a state procedural rule. Here, the Court should find that Petitioner failed to raise the instant claims on direct appeal, and therefore is barred by res judicata. *See Perry*, 226 N.E.2d at 108. Secondly, the Court would typically consider whether the state court has enforced its rule. Since, however, the instant claims were never fairly presented to the state courts, the Court can find that they are nevertheless procedurally defaulted. *See Lorraine v. Coyle*, 291 F.3d 416, 447, (6th Cir. 2002) ("To begin, this claim was not raised in the state courts or in the district court. It is therefore both procedurally defaulted and waived."). Turning to the fourth prong of the *Maupin* test, the Court must consider whether Petitioner has demonstrated cause for the default and actual prejudice as a result of the alleged violation of federal law, or that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 751. In his traverse, Petitioner primarily argues the merits of his claim and does not address procedural default or cause and prejudice. *See* ECF Dkt. #18 at 9-14. Petitioner contends that the state court's factual finding was incorrect, but presents no evidence to support his claim. *See id*. at 9-14. Rather than demonstrating a legitimate excuse for his default, Petitioner primarily attacks the propriety of the police entering the home to arrest him for an underlying domestic violence misdemeanor. *See id*. at 11-12. Even if that argument has merit, the undersigned fails to see how that would have entitled Petitioner to commit the assault against Officer Porter. In other words, the undersigned fails to see that any constitutional violation has occurred that would result in prejudice. Further, Petitioner's claim is dependent upon the allegation that police officers falsified a criminal complaint, but he has not produced an opinion from a handwriting expert to support his claim.

## VI. PETITIONER'S MOTION TO STAY AND FOR LEAVE TO CONDUCT DISCOVERY

Also pending before the Court is Petitioner's Motion to Stay Proceeding and Motion for Leave for Discovery. ECF Dkt. #15. Respondent opposed this motion on the ground that the instant petition is procedurally defaulted. ECF Dkt. #16. The undersigned took the motion under advisement and granted Petitioner leave to respond to Respondent's claim of procedural default and demonstrate the necessity of discovery on the issue of procedural default. ECF Dkt. #17. In his

traverse, Petitioner has made no showing of a need for discovery *on the issue of procedural default*. *See* ECF Dkt. #18 at 14. As discussed above, the traverse primarily discusses the merits of Petitioner's claims. Further, Petitioner's claims were never presented to the state courts, and should be considered procedurally defaulted. Petitioner merely asserts that Respondent has failed to submit any sworn evidence "to meet his burden to refute Christian's claims otherwise, which are irrefutable." ECF Dkt. #18 at 14. Petitioner does not articulate how any of this evidence is pertinent to the issue of procedural default. Moreover, it is Petitioner's burden to establish that he is entitled to relief. Accordingly, Petitioner's motion is DENIED. ECF Dkt. #15.

## VII. CONCLUSION

For the foregoing reasons, the undersigned RECOMMENDS that the Court DISMISS the instant petition in its entirety with prejudice. The undersigned also DENIES Petitioner's Motion to Stay Proceeding and Motion for Leave for Discovery. ECF Dkt. #15.


Date: June 29, 2009                               */s/George J. Limbert*
                                                  GEORGE J. LIMBERT
                                                  UNITED STATES MAGISTRATE JUDGE


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).